**SO ORDERED.**

**SIGNED this 25 day of October, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | |
| WILLIAM JOSEPH SMITH, | CASE NO. 11-01951-8-JRL |
| DEBTOR. | CHAPTER 13 |
| IN RE: | |
| WALTON WRIGHT SMITH, III, | CASE NO. 11-01950-8-JRL |
| DEBTOR. | CHAPTER 13 |

## ORDER

This matter came before the court on the debtors' motions for confirmation of chapter 13 plans and creditor North State Bank's motions to dismiss. A hearing was held on October 19, 2011 in Wilmington, North Carolina to consider the motions.

The debtors filed voluntary petitions for relief under chapter 13 of the Bankruptcy Code on March 25, 2011. On their bankruptcy schedules, William J. Smith listed unsecured, non-priority claims in the total amount of $233,334.00, and Walton W. Smith, III listed $243,120.19 of the same. North State Bank ("North State") filed a proof of claim in both cases, setting out liquidated, unsecured claims of $700,000.00 in each case. These claims arose from the terms of a settlement

agreement ("the agreement") between North State and Smith Properties, Inc.,[1] the debtors, and the debtors' father. Essentially, the agreement allowed North State to sell several properties that it held as security for loans made to Smith Properties, Inc. and capped the deficiency liability of the debtors and the debtors' father as personal guarantors at $700,000.00.[2] The agreement specifically incorporated by reference the prior notes and personal guaranties, which held the debtors jointly and severally liable for certain obligations of Smith Properties, Inc. The properties in question were sold, leaving a deficiency in excess of $700,000.00, and therefore, under the terms of the agreement, the personal guarantors were liable for a maximum amount of $700,000.00. In their respective schedules, the debtors divided their obligations under the agreement by three,[3] and both debtors listed liquidated, unsecured debt to North State in the amount of $233,333.00.

Clearly, if the debtors are jointly and severally liable for the entire $700,000.00 as personal guarantors, both would exceed the limit set by § 109(e) and would not be valid chapter 13 debtors. See 11 U.S.C. § 109(e) (limiting the amount of non-contingent, liquidated, unsecured debt of a chapter 13 debtor to $360,475.00). Conversely, if the debtors are not jointly and severally liable as personal guarantors for the $700,000.00, a chapter 13 filing would be appropriate. In North Carolina, a personal guarantor is absolutely liable for the underlying debt, without regard for the obligation of other guarantors or obligors to pay the same or related debt. See O'Grady v. First Union Nat'l Bank, 296 N.C. 212, 220 (1978); EAC Credit Corp. v. Wilson, 281 N.C. 140, 145

---

[1] Smith Properties, Inc. is a North Carolina corporation involved in real estate development in the Wilmington area, owned by the debtors and the debtors' father.

[2] Prior to the settlement agreement, the debtors and the debtors' father were jointly and severally liable for an amount in excess of $1,400,000.00.

[3] Both debtors and their father were liable as personal guarantors under the terms of the guaranties that were incorporated into the agreement by reference.

2

(1972). However, there is a "general rule in [North Carolina] that a material alteration of a contract between a principal debtor and creditor without the guarantor's consent will discharge the guarantor from its obligation." Kirkhart v. Saieed, 98 N.C. App. 49, 54 (1990) (citations omitted).

In this case, the debtors argue that their personal liability under the agreement constituted a material alteration from their original obligations as personal guarantors, and accordingly, the debtors argue that their obligations as personal guarantors should be discharged. At the hearing, debtor William Smith testified that, in addition to the obligations that debtors had originally guaranteed, the agreement held the debtors' responsible as personal guarantors on a separate $100,000.00 obligation, which previously had only been guaranteed by their father. This, the debtors argue, is a material alteration that discharges them from their obligations as personal guarantors.

The court finds that there was no material alteration in this case. The guaranties were in fact identified and incorporated into the agreement, and the agreement served as a cap on the personal liability of the debtors but not an alteration. In no way does the agreement have a provision that apportions the amount of liability among the guarantors. In any case, if the agreement had materially altered the debtors' liability as personal guarantors, they clearly consented by joining as parties to the agreement. Based on the foregoing, the debtors are over the debt limit for chapter 13, and their motions for confirmation are **DENIED**. The debtors have 20 days from the date of the hearing to convert the cases to another chapter under the Bankruptcy Code, failing which they will be dismissed.

**END OF DOCUMENT**